# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION

U.S.A. vs. Reginald Applewhite                  Docket No. 2:03-CR-6-2BO

### Petition for Action on Supervised Release

COMES NOW Erica W. Foy, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Reginald Applewhite, who, upon an earlier plea of guilty to Armed Bank Robbery and Aiding and Abetting, 18 U.S.C. §§ 2113(a) and (d) and 2, and Use, Carry, and Possess a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting, 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on July 11, 2006, to the custody of the Bureau of Prisons for a term of 84 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

Reginald Applewhite was released from custody on July 24, 2009, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On December 31, 2011, the defendant was charged in Wake County, North Carolina, with misdemeanor Larceny. He admitted he attempted to steal $530 worth of clothes from Hudson Belk department store in Raleigh, where his wife was employed. She was charged with felony Embezzlement. The defendant is extremely remorseful for his poor judgement and has otherwise done very well on supervision. Due to his otherwise positive response to supervision, it is recommended that he be placed on 60 days of home detention with electronic monitoring as a consequence for his actions. Applewhite will remain subject to any sanction imposed by the state court should a conviction occur. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Reginald Applewhite
Docket No. 2:03-CR-6-2BO
Petition For Action
Page 2

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 60 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/Jeffrey L. Keller<br>Jeffrey L. Keller<br>Supervising U.S. Probation Officer | /s/Erica W. Foy<br>Erica W. Foy<br>U.S. Probation Officer<br>310 New Bern Avenue, Room 610<br>Raleigh, NC 27601-1441<br>Phone: (919) 861-8660<br>Executed On: January 6, 2012 |

## ORDER OF COURT

Considered and ordered this 6 day of January, 2012, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge